HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL LAMAR BERRY,

    Petitioner,

v.

DONALD HOLBROOK,

    Respondent.

Case No. C18-502-RAJ-JPD

ORDER

The Court has reviewed Petitioner's Petition for Writ of Habeas Corpus (Dkt. # 7), the Report and Recommendation of James P. Donahue, United States Magistrate Judge (Dkt. # 16), Petitioner's Objections and Motion to Appoint Counsel (Dkt. # 17), and the remaining record. For the following reasons, the Court **ADOPTS** Judge Donahue's R&R, **DENIES** Petitioner's Objections and Motion for Appointment of Counsel, and **DISMISSES** this case.

On October 18, 2018, Judge Donahue issued his Report and Recommendations on Petitioner's habeas petition. Dkt. # 16. The Court concurs fully in the recommendations of the Report and Recommendation. As explained by Judge Donahue, Petitioner failed to exhaust his first four claims in the Washington state courts before pursuing the claims here. Dkt. # 16 at 5-8. In failing to do so, Petitioner's unexhausted claims (his first, second, and fourth grounds for relief, and the portion of his third ground pertaining to complainant's failure to timely appear for a pretrial defense interview) are procedurally

ORDER – 1

barred for review from this Court. *Id*. at 8-9.  Additionally, the exhausted portion of Petitioner's third ground for relief fails to articulate a cognizable Confrontation Clause violation. *Id*. at 11-12.  Finally, as to Petitioner's fifth ground for relief concerning the admission of ER 404(b) evidence, Petitioner failed to show that this alleged error implicates the Constitution or had a "substantial and injurious effect or influence in determining the jury's verdict." *Id*. at 12-15.

On October 17, 2018, Petitioner filed his Objections to Judge Donahue's R&R, and included a request for appointment of counsel.  Dkt. # 17.  Petitioner's vaguely-worded Objections claim that Judge Donahue's R&R "presents many egregious errors," chiefly the resolution of this case without providing for additional discovery.  Dkt. # 17 at 2-3.  Petitioner fails to explain why he would be entitled to additional discovery, especially on a ruling centered on failures to exhaust and state claims, and fails to explain how additional discovery would impact his claim.  Petitioner faults Judge Donahue for "re-characterizing" his constitutional claims by "rephrasing the claime [sic] and then addressing only part of the claim and or an entirely different claime [sic] then what was raised by the petitioner in his pleadings." *Id*. at 4.  Petitioner does not elaborate, and the Court can find not fault with Judge Donahue's analysis of Petitioner's constitutional claims.  Petitioner also appears to object to "misstatements of the procedural history of the case" in the R&R, but gives no specific instance of a misstatement. *Id*.  Finally, Petitioner objects to Judge Donahue basing his R&R "solely on the Presentence Report, the opinion of the Court of Appeals and the Government's response to the petitioner asserted facts throughout his 2255 motion." *Id*.  The Court disagrees, noting that Judge Donahue's R&R appears to have considered the entire record, and Petitioner fails to identify any specific information Judge Donahue failed to consider.  For these reasons, the Court **DENIES** Petitioner's Objections.  Dkt # 17.

Finally, Petitioner included within his Objections a "Motion for Appointment of Counsel."  Dkt. # 17 at 7.  In his one-page Motion, Petitioner states that he is incarcerated

ORDER – 2

and indigent, requests an attorney to handle his appellate matters, and provides a one-sentence "Grounds for Relief" section that is wholly unintelligible. *Id*. There is no constitutional right to counsel in a post-conviction § 2255 proceeding. *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995). Under the Rules Governing § 2255 Proceedings for the United States District Courts, if a judge determines that an evidentiary hearing is warranted, "the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *See* Rule 8(c). Without this determination, appointing counsel is purely a discretionary matter. *See* 18 U.S.C. § 3006A(a)(2)(B) (stating that a federal court "may" appoint counsel if "the interests of justice so require[.]"). Taking into account Petitioner's Motion, Judge Donahue's R&R, and the entirety of the record, the Court determines that no evidentiary hearing is warranted. The Court finds no compelling justification to warrant the appointment of counsel in this case. The Court **DENIES** Petitioner's Motion for Appointment of Counsel. Dkt. # 17.

Accordingly, the Court **ADOPTS** Judge Donahue's Report and Recommendation (Dkt. # 16), **DENIES** Petitioner's Objections and Motion for Appointment of Counsel (Dkt. # 17), and **DISMISSES** this case with prejudice.

DATED this 19th day of November, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3